GREEN, J.
delivered the opinion of the court.
From the facts stated in the bill of exceptions in this case, it appears that Carrick had sued Smith before Lytle, who was a justice of the peace, and obtained a judgment for $13, and that Smith offered to pay the amount into Lytle’s hand. Lytle told him he could not receive the money as a justice, but that if Smith deposited the money with him he would pay it for him whenever an execution should be called for. The money was then left by Smith with Lytle, in small bills, some of which were Kincannon notes. Haze Arnold, a constable, was the officer who had the collection of the debt for Carrick, to whom he had given his receipt for the debt on Smith. Arnold was elected door-keeper to the legislature, and appointed Joshua Mason his agent, to go to all the magistrates’ offices and get all the executions issued and hand them to the proper owners. Soon after his appointment as agent, Mason applied to Lytle to issue all the executions in relation to which Arnold was the officer. Lytle told him that many of the judgments had been rendered by his predecessor, and had been paid, and he thought it would be better to wait until Arnold came home, but if he wanted any particular execution to apply and he would issue it. Mason did not apply any more. When Arnold came home, he applied for an execution in the case of Carrick vs. Smith, when Lytle informed him the money was there — stepped to the desk and took a paper with the money rolled up, and said that was the money he had received from Smith and part of it was Kincan-non money. Arnold refused to receive the money and demanded an execution, which Lytle declined to issue, and said his time was almost out, and another justice could issue it.
Kincannon money was current at the time Mason applied for the executions, but was not good when Arnold applied and the money was tendered to him by Lytle.
Smith paid to another officer the amount of Carrick’s execution, and refused to receive his money back when it was tendered by Lytle, because some of it was Kincannon money. *329 The court charged the jury, “That if .Lytle received the money of Smith to pay over in satisfaction of Carrick’s judgment whenever execution was applied for, and failed to pay it accordingly, whereby Smith had to pay it again, Smith was entitled to recover of him; that he should have paid it when Mason applied for the executions as agent of Hays Arnold, the constable charged with the collection of the debt. Although the constable could not appoint a deputy, yet by his receipt to Garrick, he charged himself with the obligation to take out execution; for the purpose of collecting the debt, he may appoint an agent to take out the execution, either to deliver to another officer, or the plaintiff in the judgment. The taking out execution is not an official act; any authorized agent may do it. Failing then to pay it, when Kincannon money was good, (if such were the fact,) he kept it afterwards at his own peril and at the hazard of being liable to Smith, if by reason of that failure he'has the judgment to pay again.” The jury found a verdict for the plaintiff for $14, upon which judgment was rendered. The defendant appealed in error to this court.
Upon the facts set forth in this bill of exceptions, we think the circuit judge erred in the charge to the jury.
He told the jury that Lytle should have paid Smith’s money to Mason when he applied for the executions. We do not concur in this opinion. Although it is true that Arnold, having bound himself to take out the executions, might constitute an agent to do it for him, yet he could not constitute an agent to receive the monies due on these executions,.so as to make his agent’s act his official act, and, therefore, binding on his sureties. Lytle ought not, therefore, to have paid Smith’s money to Mason, even had Arnold expressly authorized him to receive it — -because Mason was no officer having power to collect it, nor had he power by his act of receiving the money, to render the officer for whom he acted, liable in his official capacity; for if he could, then would he have been Arnold’s deputy constable — a proposition the judge very properly rejects. But Arnold’s authority to Mason, in terms, expressly limits his agency to the taking out and delivering to the owners thereof, such executions, as he had been charged with the collection of. Had *330 Lytle paid the money to Mason, he would have paid it in his own wrong, so far as Arnold alone was concerned, for not having constituted him an agent to receive money, he would not have been bound for it, had Mason embezzled it.
But independently of these two propositions, either of which would be sufficient to exonerate Lytle for not paying it to Mason, we think he is not liable, because Mason did not call for the execution of Carrick against Smith. He applied in general terms for all the executions of which Arnold had control. Lytle told him that many of the judgments had been rendered by his predecessor in office and had been paid, and advised him to wait until Arnold returned home — but told him, if he wanted any particular execution to apply, and he would issue it. • Mason never did apply, and the case never did arise in reference to him, contemplated in Lytle’s agreement with Smith, when he took the money. Let the judgment be reversed and the cause remanded.